MEMORANDUM *
Todd Lewis Ashker, a California state prisoner, appeals from the district court’s summary judgment in favor of prison officials, including Appellee Joseph McGrath, in Ashker’s 42 U.S.C. § 1983 action alleging a violation of Ashker’s civil rights by Pelican Bay State Prison’s “no hardcover books” policy. Ashker challenges the district court’s ruling that McGrath was entitled to qualified immunity. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s finding of qualified immunity. Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir.2005). We affirm the judgment of the district court.
Under the Supreme Court’s recent decision in Pearson v. Callahan, we need not pass upon the constitutionality of the “no hardcover books policy” if we find that the right that may have been violated was not “clearly established” at the time of the alleged violation. — U.S.-, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). There is no case in this circuit or any other that speaks to the precise issue in this case; namely, whether prisoners may be constitutionally restricted from receiving hardcover books where certain exceptions are provided and there are alternate reading materials available. We therefore hold that a reasonable officer in McGrath’s position could have believed that the policy was lawful. See Keenan v. Hall, 83 F.3d 1083, 1093 (9th Cir.1996); see also Bell v. Wolfish, 441 U.S. 520, 550, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). McGrath is therefore entitled to qualified immunity. See Brosseau v. Haugen, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (holding officer entitled to immunity “[i]f the law at the time did not clearly establish that the officer’s conduct would violate the Constitution”).
The judgment of the district court is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.